NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE LEWIS, as Executrix of the ESTATE OF DIANE DUDEK,<br><br>Plaintiff,<br><br>v.<br><br>UNITED FOOD AND COMMERCIAL WORKERS LOCAL UNION 464A; HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY; and THE MAXON COMPANIES,<br><br>Defendants. | Civil Action No. 2:14-cv-07467-JLL-JAD<br><br>**OPINION AND ORDER** |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Plaintiff Christine Lewis, as Executrix of the Estate of Diane Dudek's Motion for Leave to File a Second Amended Complaint. (ECF No. 16). Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument on this matter. After having carefully considered the parties' submissions, and for the reasons stated below, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

I.   **RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

Christine Lewis, as Executrix of the Estate of Diane Dudek, originally commenced this matter by filing a Complaint against United Food and Commercial Workers Local Union 464A ("the Union") on November 25, 2014. (Compl., ECF No. 1). Plaintiff brings a claim, pursuant to 29 U.S.C. § 1132(a)(1)(B), seeking benefits allegedly due to Dudek under a health benefits plan governed by ERISA. Plaintiff alleged that Horizon Blue Cross Blue Shield denied coverage for

Dudek's hospitalization and treatment for lung cancer, (id. at 3, ¶ 8), based on the Union's false assertion that Dudek's injury was "work-related", (id. at 5, ¶ 15), and therefore the subject of a worker's compensation claim. (Id. at 3, ¶ 10).

Plaintiff filed an Amended Complaint on December 26, 2014 (ECF No. 4). The Union filed a Motion to Dismiss the Amended Complaint on January 15, 2015. (ECF No. 5). In its motion, the Union argued that a claim pursuant to 29 U.S.C § 1132(a)(1)(B) must be filed against either the plan or the plan administrator, and that the Union did not qualify as either. (Id. at 3). Although Plaintiff disputed the Union's assertion, the Hon. Jose L. Linares, U.S.D.J., granted the Union's motion without prejudice, reasoning that dismissal was appropriate since Plaintiff had not pled that the Union itself was either the plan or plan administrator and Plaintiff had likewise failed to allege sufficient facts suggesting that the Union otherwise controlled the administration of benefits under the plan (i.e. the only other plausible grounds on which the Union itself might be liable for a claim under Section 502(a)(1)(B) of ERISA). (March 2, 2015, Order, ECF No. 9, at 4). Judge Linares also afforded Plaintiff an opportunity to file a Second Amended Complaint intended to cure these pleading deficiencies by March 27, 2015. (Id. at 5). Plaintiff did not timely amend.

On March 30, 2015, the Union filed a Motion to Dismiss the Amended Complaint with Prejudice in light of Plaintiff's failure to file an amended pleading in compliance with Judge Linares's Order. (ECF No. 12). Later the same day, Plaintiff filed a purported Second Amended Complaint. (ECF No. 13). By order dated April 2, 2015, Judge Linares denied the Union's motion and also struck Plaintiff's late-filed Second Amended Complaint, giving Plaintiff until April 10, 2015 to move for leave to further amend her pleading. (ECF No. 15).

Plaintiff filed a motion seeking leave to amend on April 9, 2015, stating that due to a clerical error, Plaintiff had previously filed the Second Amended Complaint one business day late. (ECF No. 16-1). In its opposition, the Union chiefly argued that the Court should deny Plaintiff's motion because: (1) Plaintiff failed "to cure the deficiencies identified in the Court's order dismissing the Amended Complaint"; and (2) since Plaintiff did not expressly seek leave to add new defendants, "the Second Amended Complaint must be deemed to have been brought against the same defendants who were named in the complaint" (i.e., the Court should reject Plaintiff's attempts to substitute parties). (Def. Br., ECF No. 17, at 5-6).

Plaintiff argues that her proposed Second Amended Complaint cures the primary issue that Judge Linares identified with regard to her previous pleading: that Plaintiff had named the Union, rather than the plan or plan administrator as the defendant in this lawsuit. (Pl. Br., ECF No. 18, at 3). Plaintiff argues that, because she has now substituted Local 464A United Food & Commercial Workers Union Welfare Service Benefit Fund (the "Benefit Fund") as a defendant in place of the Union, the Court should grant her Motion for Leave to File the Second Amended Complaint. (Pl. Rep. Br. At 2, n. 1, ECF No. 18). The Court notes that this substitution appears to be the only difference between Plaintiff's now-defunct Amended Complaint and her proposed Second Amended Complaint. (Compare ECF No. 4 with ECF No. 16-2).

## II. LEGAL DISCUSSION

### A. General Standards Applicable on a Motion for Leave to Amend

Federal Rule of Civil Procedure 15(a) governs requests for leave to amend, allowing a party to amend its pleadings after obtaining the Court's leave or the written consent of its adversary. Under this liberal rule, the Court must "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Wright & Miller section 1484, at 676 ("Subdivision a(2) encourages the court

3

to look favorably on requests to amend"). This lenient standard ensures that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem Co., 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted); see also Sabatino v. Union Twp., No. 11-cv-1656-JLL-MAH, 2013 WL 1622306, at *6 (D.N.J. 2013) (internal citation omitted) (discussing that "if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to tests its claims on the merits").

The decision to grant or deny leave to amend under Rule 15(a) is "committed to the sound discretion of the court." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993). While courts have broad discretion to decide motions to amend, they must "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice." Violas et al. v. General Motors Corp., et al., 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted). In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the court must grant a request for leave to amend. Grayson v. Mayview State Hosp., 292 F.3d 103, 108 (3d Cir. 2002); see also Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (stating that generally, leave to amend should be granted "unless equitable considerations render it otherwise unjust").

Here, the Union challenges Plaintiff's Motion for Leave to Amend, asserting that "the Second Amended Complaint is futile" such that "leave to file it should not be granted." (Def. Br. at 5, ECF No. 17). A proposed amendment "is futile if the amended complaint would not survive a motion to dismiss." Cnty. of Hudson v. Janiszewski, 351 F. App'x 662, 666 (3d Cir. 2009) (quoting Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000)); see also In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) ("an amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted'") (internal citation

4

omitted). Therefore, "[t]he futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion." Marjam Supply Co. v. Firestone Bldg. Pros. Co., LLC, No. 11-7119-WJM, 2014 U.S. Dist. LEXIS 46572, at *9-10 (D.N.J. 2014). In order to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). Under Iqbal, a claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Court notes that the Union bears the burden of establishing that Plaintiff's proposed amendments are futile, and that, "given the liberal standard applied to the amendment of pleadings," that burden is a "heavy" one. Pharmaceutical Sales & Consulting Corp. v. J.W.S. Delavau Co., 106 F. Supp. 2d 761, 764 (D.N.J. 2000); accord Marjam, 2014 U.S. Dist. LEXIS 46572, at *10. Provided this heavy burden of establishing futility, "[i]f a proposed amendment is not clearly futile, then denial of leave to amend is improper." Schiano v. MBNA, No. 05-cv-1771-JLL-MAH, 2013 U.S. Dist. LEXIS 81440, *45 (D.N.J. 2013) (internal citations omitted). Against this backdrop, the Court will consider the Union's challenges to Plaintiff's proposed Second Amended Complaint.

**B.    Plaintiff's Proposed Amendment Would Be Futile**

In opposing Plaintiff's Motion for Leave to File the Second Amended Complaint, the Union argues that Plaintiff's proposed amendment fails on two grounds: (1) Plaintiff failed "to cure the deficiencies" that Judge Linares identified when dismissing Plaintiff's Amended Complaint; and (2) since Judge Linares did not expressly direct Plaintiff to add any new parties, and because Plaintiff did not move to join new parties to this action, the Court should reject

Plaintiff's attempt to substitute the Benefit Fund in place of the Union. (Def. Br., ECF No. 17, at 5-6). The Court will address these arguments in reverse order.

As Judge Linares expressed in his Order (ECF No. 9), "the Third Circuit has expressly held that 'in a § 1132(a)(1)(B) claim, the defendant is the plan itself (or plan administrators in their official capacities only).'" (ECF No. 9, at 3) (quoting Graden v. Conexant Sys. Inc., 496 F.3d 291, 301 (3d Cir. 2007). As Plaintiff did not expressly plead that the Union was either the "plan" itself or the designated plan administrator, and failed to allege facts establishing that the Union otherwise controlled the administration of plan benefits, Judge Linares dismissed Plaintiff's Amended Complaint in its entirety, but without prejudice to Plaintiffs right to file an amended pleading that addressed these deficiencies. Judge Linares did not place any limits on how Plaintiff might do so. Plaintiff could have sought to cure her pleading deficiencies by adding claims against the plan/plan administrator, fleshing out her existing claims against the Union with additional facts, or both. Plaintiff opted to substitute the Benefit Fund in place of the Union. (See Pl. Rep Br. at 2-3, ECF No. 18). Nothing in either Judge Linares's Order or Federal Rule of Civil Procedure 15 suggests that Plaintiff should be foreclosed from adding or substituting parties via amendment, and the Court rejects Defendant's argument on this point.

Despite that substitution, however, Plaintiff's proposed amended pleading fails for the same reasons set forth in Judge Linares's March 2, 2015 Order. As noted above, Plaintiff's proposed Second Amended Complaint is all but identical to her now-defunct Amended Complaint. The only difference between the two pleadings is that, in her proposed Second Amended Complaint, Plaintiff has substituted the Benefit Fund in place of the Union. (Compare Am. Compl., ECF No. 4, ¶ 2 with Proposed Sec. Am. Compl., ECF No. 16-2, ¶ 2). That substitution does not address the shortcomings that Judge Linares identified in His Honor's previous Order.

Plaintiff does not allege that the Benefit Fund is either the "plan" itself or "plan administrator" for Plaintiff's health benefits. (See generally, Proposed Sec. Am. Compl., ECF No. 16-2). Instead, in what appears to be a holdover from previous versions of her pleading, Plaintiff alleges that the Benefit Fund "is a local union" based in Little Falls, New Jersey. (Id. ¶2). While Plaintiff's counsel argues, in a reply submission, that the Benefit Fund is the relevant plan administrator (ECF No. 18 at 2, n.1), that information is not pled in the Proposed Second Amended Complaint.[1] Indeed, Plaintiff expressly alleges that Defendant Maxon Companies served as the administrator for Plaintiff's health benefits plan. (ECF No. 16-2, ¶ 4).

Absent an express allegation that the Benefit Fund served as the relevant plan administrator, Plaintiff's claims against that entity fail. Judge Linares has already determined that Plaintiff's factual allegations regarding the Benefit Fund's role vis-à-vis Plaintiff's plan benefits are insufficient to establish that the Benefit Fund acted as a de facto plan administrator sufficient to trigger potential liability under 29 U.S.C. §1132(a)(1)(B). (March 2, 2015 Order, ECF No. 9, at 3-4) (evaluating identical factual allegations regarding the Union). In short, Plaintiff's Proposed Second Amended Complaint fails for the same reasons articulated in Judge Linares's March 2, 2015 Order and the Court must deny Plaintiff's motion.

### III. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Leave to File a Second Amended Complaint is **DENIED WITHOUT PREJUDICE**. In the interests of justice, the Court will afford Plaintiff an additional opportunity to move for leave to amend her pleadings to expressly identify either the

---

[1] The Court notes that, in His Honor's March 2, 2015 Order, Judge Linares already explained that a plaintiff may not amend his or her complaint by way of briefing submitted in connection with a motion. All necessary allegations must be set forth in the pleading itself. (March 2, 2015 Order, ECF No. 9, at 4).

plan and/or plan administrator as defendants. Plaintiff must file any such motion on or before August 11, 2015.

                                                                                        **Joseph A. Dickson, U.S.M.J.**

cc. Honorable Jose L. Linares, U.S.D.J.